## Buzzard Electric Company v. Phillips

*Philip Ruggiero*, for plaintiff.
*Richard J. Shiroff*, for defendant Kay Phillips.
*David A. Martino*, for defendant Harold Phillips.

GRIFO, *J.*, July 6, 1982—This matter comes be-

fore the court pursuant to defendants' preliminary objection, in the nature of a motion to strike the complaint, for failure of plaintiff to appeal from the district magistrate's judgment within the 30 days provided by Pa.R.J.P. 1002. Defendants further move that in the event that the complaint not be stricken that plaintiff be required to file a more specific complaint. The latter objection has become moot inasmuch as plaintiff has filed an amended complaint wherein the defects which defendants objected to have been cured.

The initial action in this matter was filed by plaintiff before a district magistrate, who entered a judgment for plaintiff and against defendant, Kay Phillips only. Judgment was also entered in favor of defendant, Harold Phillips. Subsequently, defendant, Kay Phillips, did file an appeal as to Kay Phillips only. No action was taken by plaintiff in the judgment entered in favor of defendant, Harold Phillips. On April 15, 1982, plaintiff filed a complaint against both defendants. Defendant, Harold Phillips, argues that this court does not have jurisdiction over him inasmuch as no appeal was filed by plaintiff-appellee as to the judgment rendered in his favor. What we must decide is whether or not plaintiff may continue to pursue its action against Harold Phillips since a judgment was entered in his favor at the district magistrate level, and since the 30 day period mandated by Rule 1002 has now run. If we preclude plaintiff from maintaining his action against Harold Phillips, this would leave but one defendant in this action, namely, Kay Phillips. Defendant argues that the Rules of Civil Procedure governing appeals from judgments of justices of the peace are mandatory, and exceptions are impermissible in the absence of fraud or its equivalent. Chuck v. Geiger, 58 D. & C. 2d 429 (1972).

While the foregoing is a correct statement of the law, we believe that Rule 1007 under appellate proceedings with respect to judgments and other decisions of justices of the peace in civil matters, governs this matter. Rule 1007 provides:

"A. The proceeding on appeal shall be conducted de novo in accordance with the Rules of Civil Procedure that would be applicable if the action was initially commenced in the Court of Common Pleas.

B. The action upon appeal shall not be limited with respect to amount in controversy, joinder of causes of action or parties, counterclaims, added or changed averments, or *otherwise because of the particulars of the action before* the justice of the peace." (Emphasis supplied.)

We read Rule 1007 to mean that the court of common pleas has broad jurisdiction with regard to matters taken on appeal from our district magistrates. We believe that when either party takes an appeal from a judgment entered by a district magistrate, the entire matter must be heard de novo by the court of common pleas. To do otherwise would work an injustice to either or both parties. In all likelihood, if we were to sustain defendant, Harold Phillips' motion, defendant, Kay Phillips, would join him as an additional defendant.

Wherefore, we enter the following

## ORDER

And now, July 6, 1982, defendant, Harold Phillips' motion to strike the complaint is denied and dismissed. Defendant is directed to file an answer within 20 days of the date of this order.